Opinion op the Court.
THIS is an action of ejectment, brought by the pres•ent appellee against the appellant; and on the trial, the appellee gave in evidence, as the sole title, to entitle him to recover, a conveyance from the appellant himself, and proved the residence of the appellant on the ground. The conveyance on which the appellee relied, was not one year old, at the date, of the demise laid in the plaintiff’s declaration; nor, indeed, at the commencement of this action; and the defence relied on,. *335 was, that the appellee had given the appellant a verbal grant or lease to reside on the premises for one year after the date of the deed. The jury found for the-ap-pellee, and the appellant moved for a new trial, because the verdict was against the law and evidence in the case. This motion was overruled, and the appellant excepted, and spread the evidénce upon the record, and has appealed. . '
During the pendency of the cause in that court, the appellee amended his declaration, by filing a new count, setting forth a demise commencing after the one year from the date of the deed had expired, and also after the commencement of the action; and it is now contended, that the appellee had no right to add such a demise, and that the evidence which showed the right of the appellant to reside on the farm one year, could not be evaded by this demise laid after the year had ex-1 pired, and after the action brought.
We accord with the counsel for the appellant, that no such amendment was admissible, and that the cause ought to have been tried as matters stood at the com-menceinent of the action. It is true, there is much fie-tión in an ejectment; but this fiction is admitted, and must be moulded for the purposes of justice, and cannot be said to destroy entirely the analogy between ejectments and other actions at common law. In them, the controversy is settled by testing matters as they stood at the commencement of the suit, except in cases where special issues are allowed by pleas puis danein Continuance. So, in ejectments, the lease, .entry and ouster are feigned, and yet are admitted, and the contest rests on the right of the lessor to enter and make such lease, at the date thereof, which is a point that ought to exist before and at the commencement of suit; and to test it, the tenant is impleaded, and no reason is perceived why it should be made an exception. One reason, alone, may be oifered against it, out of others that may exist. The costs cannot, generally, be apportioned, in a suit at law; but must go entire. If the lessor of the plaintiff had no cause of action when he commenced, the tenant or defendant would be entitled to his costs. But if the lessor can get and insert a cause of action after suit brought, when considerable cost has accrued, he may thereby defeat the tenant’s right to recover his costs, at first wrongfully ex *336 pended. It is true, a court of equity acts frequent!)' otherwise, and will decide upon matters, at least as late as when tbe last issue was formed; But that court has a discretion over, and can apportion its costs, and can, in other respects, shape its decrees to reach the equity of the case, when a court of law has no such latitude.
But it does not thence follow, that this judgment ought to be reversed, notwithstanding this amendment has taken place. The appellant did riot object to it at the time, or at any other stage; nor does it appear to have had any bearing upon him, or to have affected his interest. The court below does not appear to have noticed it, or to have decided that this amendment, being made after the year, deprived him of the henchí of his defence. It is contended, that this demise, as it differs in commencement and duration from the one first laid, renders the judgment uncertain, which is for the term yet to come, without saying which term. To this it may be answered, as there is one term on which the plaintiff may have a right to recover, if his cause of action is good in other respects, it ought to be presumed, after verdict, that the judgment is rendered for this, ratherthan for that, on which he is not entitled to recover; and the judgment is but for one, and not for both terms. We shall, therefore, consider the case as standing on the first declaration, and disregard the other, which, as it cannot do the appellee any good, ought not to be permitted, for the first time in this court, to do him any harm.
On the question of a new trial, the deed of the appellant, with proof that he resided upon the ground, was sufficient to entitle the appelle to recover, without any other title, as the appellant is estopped by his deed to deny that he had title; and unless he can show some other defence, the judgment must stand. The case, then, turns exclusively on the evidence establishing the lease for one year. It would not be just, to say that there is no proof to this effect. Still, however, what there is, is by no means satisfactory, and was not sufficiently clear to authorise the court below to disturb the verdict; much less, this court, when revising the opinion of that.
The judgment must, therefore, be affirmed with ■costs.