JAMES GARDNER, *et al.*, plaintiff's in error, *vs.* ALFRED KERSEY, *et al.*, defendants in error.

1. This Court will not control the discretion of the Chancellor in refusing to grant an injunction, to stay the execution of a writ of possession, after a recovery in ejectment, upon the allegation that the plaintiff, upon whose demise the recovery was had, was dead at the rendition of the judgment, when there were four demises, from as many different lessors, and the defendant in the bill answers that he does not know whether the recovery was upon the demise of the deceased plaintiff or not, and the judge who tried the case, certifies that he cannot undertake to say upon what demise the recovery was had, and no copy of the record is brought before this Court to enable it to determine the fact.

2. The verdict, and the judgment of the Court, is to be upheld by every reasonable intendment, and the allegation in the bill, filed as above stated, of a fact, which is matter of record, should be judged by the record, and if it is not shown by the record to be true, it is not error in the Chancellor on a motion for an injunction to disregard it.

3. A plaintiff in ejectment who has judgment in his favor is entitled to be placed in possession of the premises, including the growing crop, if any, as against the defendant and those holding under him : *Provided* he has not recovered as *mesne profits* the rent for that year.

4. A plaintiff in ejectment, who has recovered rents as mesne profits for the year in which the recovery is had, is not entitled to the crop of that year. While he is entitled to the possession of the premises, he is bound to allow the tenant ingress and egress, to gather and carry away the crop. If he has recovered rent for part of the year and the crop is growing, but not gathered at the date of the recovery, the tenant is entitled to his *pro rata* part of the crop. But if no rent is recovered for the year the growing crop goes with the land.

5. If the plaintiff, who has recovered the rent for the year, takes possession of the premises, and appropriates the crop, or refuses to permit the tenant to gather it, the tenant has a right at law to recover the value of the crop. And as the complainant in this bill had a full and complete remedy at law, the Court did not err in refusing to grant the injunction.

Gardner *et al.*, *vs.* Kersey *et al.*

Ejectment. Mesne profits. Equity. Before Judge CLARK. Lee Superior Court. October Term, 1869.

In October, 1869, James Gardner and Dillard Spradley filed their bill, containing the following averments: In 1864, Gardner bought of William McAffee a plantation, part of which is land lot No. 175, in the 13th district of said county. At the time of the purchase, a suit was pending, in said county, in favor of John Doe, upon the several demises of Joseph Thompson, Joseph Little, William Byrd and T. Thomas, vs. Roe, casual ejector, and said McAffee, tenant in possession, for said lot; but believing McAffee's statement that his title to said lot was good, Gardner took possession, and paid him for it. In January, 1869, Gardner rented the plantation to Spradley, and he cultivated it, and in October, 1869, had on said lot matured cotton unpicked, sufficient to make, say fifteen bales. In September, 1869, one Cameron was made a party defendant in said action of ejectment, the cause was tried and resulted in a verdict for the plaintiff for said lot, and $1,000 00 for mesne profits, the recovery being upon the demise of Joseph Little. McAffee and Cameron were preparing a motion for a new trial, but Alfred Kersey, who is the real plaintiff in said ejectment cause, agreed to release them, (who were solvent) from the mesne profits if they would pay Kersey's attorney's fees, and allow Kersey to have Spradley's said cotton, and accordingly they did not move for a new trial. Immediately a writ of possession was issued, and placed in the hands of the sheriff, with orders to give possession of said lot and crop on it to said plaintiff in ejectment. Complainants are informed, and believe, that Joseph Little was dead at the date of said recovery, and therefore the recovery was void. The recovery of mesne profits was based on evidence covering the year 1869.

They prayed injunction against the writ of possession. The Judge granted a temporary injunction against taking Spradley's "growing crop," and ordered the plaintiff in ejectment to show cause why injunction should not issue as prayed for. Kersey answered that he did not know upon

which demise his recovery was had, denied the collusion charged, and said that his recovery was good and covered the crop. Upon these pleadings the cause was argued, and the Judge refused the injunction. Spradley's solicitors stated that they, *bona fide*, wished to take a writ of error to the Supreme Court, and asked time to do so, but it was refused. They say the Judge erred in not granting the injunction, because the recovery was void for the reason stated; because the $1,000 00 for mesne profits included the rent of said lot for 1869, and was against tenants who were solvent; because he should have granted the injunction as to the matured crop, and because the Judge erred in refusing time for a writ of error to be sued out.

The Judge, in certifying the bill of exceptions, said, he could not undertake to say for what year rent was recovered, nor on what demise the recovery was had. Though the record of the ejectment cause was spoken of in Kersey's answer and alluded to as of file in the Clerk's office, it seems not to have been used in this cause below, and did not come up with these proceedings.

F. H. WEST, for plaintiff in error.

HAWKINS & BURKE, for defendants.

BROWN, C. J.

1. The fact whether the recovery was upon the demise of Little alone, was matter of record, and should have been determined by the record. And the Chancellor was not bound to grant an injunction upon the allegation of that fact by the complainant, unless the allegation was sustained by the record, though it was not denied by the answer of the defendant, who stated that he did not know the fact. In addition to this, the Judge who tried the ejectment case, and who is the same to whom the bill for injunction was presented, certifies that he cannot undertake to say upon which of the demises the recovery was had. The plaintiffs in error have brought their cases here unaccompanied by any copy of the record in the

ejectment case, and have gone into the hearing without any suggestion of a diminution of the record. ·Without the record, it is very clear that we cannot determine a fact upon which the Judge, who tried the case, certifies he cannot enlighten us. We will not, therefore, control his discretion in refusing to grant the injunction on·this ground.

2. It is a well established rule that the verdict, and the judgment of the Court, is to be upheld by every reasonable intendment. If a recovery is had in ejectment upon four different demises, and one of the lessors is shown to have been dead at the time, in the absence of proof to the contrary, the law will presume that the recovery was had upon the demises of the living plaintiffs.

3. The plaintiff in ejectment who has obtained a judgment for the premises in dispute is entitled, as against the defendants, and all persons holding under them, to a writ of possession. And in case the premises recovered are a plantation which has upon it a growing crop, the crop goes with the premises, and the plaintiff is entitled to it, unless he has put in issue and has recovered, as *mesne profits*, the rent for that year.

4. But if the plaintiff has recovered rent for the year in which the recovery is had, he is not entitled to the growing crop of that year. While he is entitled to be put in possession of the premises, he is bound to allow the tenant ingress and egress to gather and remove the crop. If he has recovered rent for the part of the year up to the time of the trial, and there is a growing crop on the premises at that time, the crop is to be divided *pro rata* between him and the tenant. If the plaintiff in ejectment intends to claim the growing crop, he should be careful not to put in issue or introduce evidence, as to the value of the rent for that year. The English rule is, that the growing crop passes with the land to the plaintiff in ejectment, and does not belong to the tenant, who is a trespasser from the date of the demise. See Adams on ejectment, 347 ; 5 Barn. & Ald., 88. This is also the rule in several of the States of the Union. See 3 Lit., 334 ; 3 Rand., 462.

But in England the plaintiff in ejectment did not recover the rents as mesne profits, in that action, but was compelled to bring a separate action for mesne profits. Our statute fixes a different rule. With us the plaintiff must recover both the premises and the rent in the same action. It would seem, therefore, that the reason of the English rule does not apply, and that it would be inequitable and unjust to permit the plaintiff to recover rent for the year, and to take possession of the growing crop with the premises.

As the record before us in the equity cause, is not accompanied by the record and evidence in the ejectment cause, we do not pretend to determine whether or not there was a recovery of rent for the present year. If there was not, the plaintiff in ejectment was entitled to the growing crop, and the complainant could not sustain this bill. But if the reverse is true, and the plaintiff in ejectment appropriates the crop to himself, and refuses to permit the tenant to gather and carry it away, he is liable in damages, at law, to the tenant for its value.

In this view of the case, which we are satisfied is the true one, the complainant had a full and complete remedy at law and the Judge did not err in refusing to entertain the bill and grant the injunction.

Judgment affirmed.