## CRAIG *vs.* WATSON.

1. The verdict in this case was contrary to law and the evidence.
2. A general recovery in ejectment, where no mesne profits are recovered as rent for the current year, and no claim is put in issue by defendant to the crops of the year, includes the land and whatever passes with the realty, including crops unsevered·therefrom. Therefore, after such a recovery, assumpsit could not be maintained by the defendant against the plaintiff in ejectment for the value of the crops, based on a contract to cultivate the land and pay the rent to the true owner, alleged to have been made prior to the recovery in ejectment.

New Trial. Judgments. *Res Adjudicata.* Ejectment. Title. Before Judge ERWIN. Gwinnett Superior Court. March Term, 1881.

.Craig *vs.* Watson.

Reported in the decision.

W. E. SIMMONS; S. J. WINN, for plaintiff in error.

N. L. HUTCHINS, for defendant.

CRAWFORD, Justice.

On the sixth day of February, 1879, George W. F. Craig brought an action of ejectment in the statutory form against Jane A. He'ad, Andrew T. Baugh, Scott L. Baugh and F. M. Watson, to recover a lot of land to which he claimed title and the possession of which they refused to surrender.

The parties were duly served, and at the March, or appearance term, they pleaded the general issue. The defendants, except Watson, also filed an equitable plea. At the September term thereafter, and on the fourth day of said month, a trial was had and a verdict rendered in favor of Craig for the land in dispute, with mesne profits for the year 1878.

F. M. Watson was the only one of the defendants who was in the actual occupation of the premises, and he surrendered the same to Craig immediately after the verdict, who took possession of the land and the crop.

Watson, one of the defendants in the foregoing case, on the ninth day of February, 1880, sued Craig to recover from him the value of the crop made on this land in the year 1879, and which Craig received from him without objection when the possession of the land was surrendered. He alleged a contract with Craig to cultivate the land and pay the rent to the true owner. Craig pleaded the general issue, special pleas denying any such contract, agreement or understanding with Watson about the land, that he was a trespasser and not entitled to a recovery. He further pleaded the judgment of recovery rendered in the ejectment suit.

Upon the trial of this latter suit a verdict and judg-

ment was obtained against Craig for the sum of $750.00. He made a motion for a new trial, because—

(1.) The verdict was contrary to law and contrary to evidence.

(2.) Being a party defendant to the ejectment cause pleading thereto, and defending the same, he thereby admitted that he held the land adversely to Craig and was estopped from setting up a contract in this case with Craig, asserting that his possession was not adverse, but permissive.

The motion for a new trial was refused, and that refusal is the error alleged in this court.

The controlling question in this case is, what was settled by the judgment of recovery in the action of ejectment? The parties to this suit were parties to that ; the land upon which the crops sued for were grown was the land involved in that ; whatever right of possession this plaintiff had arose prior to the commencement of that case ; it existed concurrently with its progress, and at any stage of the cause could have been pleaded and made issuable. The judgment in ejectment settled the title in Craig ; it settled the right to the possession in him for 1878 and 1879 ; that the adverse possession of all the defendants, Watson included, was tortious, that the rents, issues and profits were his for both years ;. and if he recovered none for 1879 he was entitled not only to the premises, but the growing crop.   39 *Ga.*, 664.

These rights were judicially determined by the solemn judgment of the court having jurisdiction of the parties and the subject matter.   That judgments are conclusive until set aside or reversed, needs no citation of authority. If, therefore, under the judgment in the ejectment cause Craig was declared the rightful owner of the land in 1879, and there was no rent recovered for that year, he took the land with the crop unsevered from the realty.   How is it possible, then, for Watson to recover the value of the identical crop so remaining on the land from him, with

that judgment standing in all its binding force and conclusiveness directly in his way? The judgments are clearly inconsistent with each other, the first declaring that both the land and the ungathered crop were Craig's; the last that Craig must pay to Watson $750.00 for a crop the whole of which he never owned.

We think this is sufficiently clear without further comment.

In the absence of rent in a judgment or verdict in ejectment suits, the plaintiff simply recovers every thing which passes with the realty. This would necessarily include the crop on the land. Whatever, therefore, had been separated from the land did not fall under the judgment, and did not pass to the plaintiff. Rents or growing crops are elements entering into the litigation, and if parties offer no proofs claiming rents, they must abide the legal effect of their judgments.

Judgment reversed.