# DECISIONS

OF THE

# Court of Appeals of Kentucky

## WINTER TERM, 1915

### Bean, et al. v. Bigstaff, et al.

(Decided February 18, 1915.)

## Appeal from Montgomery Circuit Court.

Estoppel—Equitable Estoppel—Denying Validity of Partition Accepted and Acquiesced in—Denying That Mortgage Conveys What it Purports to Convey.—Where part of the tenants in common of a certain tract of land, procured a partition thereof by act of the parties, and the widow and three children conveyed to the other two children a certain parcel of the common estate, and the two who procured the deed to be executed, accepted it, took possession of that part of the farm so laid off to them, mortgaged and sold it, they will not be heard in an action instituted some sixteen years after the deed was made, to say that it was invalid because unauthorized under the will of their father from whom the farm was derived, or because one of the grantors in the deed was incompetent; and they are likewise estopped from asserting that one to whom they mortgaged the part laid off did not take by the mortgage and subsequent decretal sale, such interest as the mortgage purported to convey and include.

LEWIS APPERSON for appellant.

W. B. WHITE for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

James Bean, a resident of Montgomery County, died on May 9, 1873, having theretofore made and published

his last will and testament, which was thereafter duly probated.

He was survived by the widow and eleven children, four of them being by a former wife.

The third and fourth clauses of his will were as follows:

"To my beloved wife, I give absolutely my household and kitchen furniture, two good work mules, two brood mares, her buggy horse, her buggy and carriage, a wagon and farming utensils and six cows; and to her and my younger children, Asa Bean, Carrie, Grace, Nettie, Felix, William, Charles, I give the residue of my home place containing about 410 acres, to be held, managed and controlled for the comfortable maintenance of my said wife and children until my youngest child arrives at the age of 21 years, and for the education of my younger children; and it is my earnest desire and request that the education of my children shall be especially attended to. If any of these children should marry, or the sons as they arrive at 21 years, should desire to commence business for him or themselves and not remain on the farm and assist in making and managing it, then I wish my wife to aid them in such way as she may feel able to do without detriment to herself and the residue of the children, and what may be so advanced must be charged to the one thus benefited in the final distribution, and at the death of my wife the 410 acres of land is to be equally divided between my last named seven children. The profits of said land, after paying expenses, taxes, etc., is for the benefit of my wife and seven younger children. In the event that my wife should marry again, then she is to have one-third of the 410 acres of land for and during her life, and then it is to be equally divided amongst my seven younger children, and if either of said seven children should die under twenty-one years and without issue, then his, her or their portion is to be equally divided amongst all my children."

One of the seven younger children, Nettie, died in 1875, before reaching the age of 21 years, and without issue; and under the terms of the will, her one-seventh descended to the remaining six "younger" children and to the four "older" children of James Bean, one-seventieth to each.

In 1882, another of the "younger" children, Carrie, died intestate after reaching her majority, and without

issue; and her share passed, according to the statute of descent and distribution then in force, one-half to her mother and one-half to her surviving brothers and sisters, the mother taking 11/140, her full brothers and sister taking 22/1960 each, and her half-brothers and sister each taking 11/1960.

In this manner each of the four "older" children acquired 39/1960. Martha Gay's share is now owned by Lewis Apperson. R. T. Bean bought a 1/70 from James M. Bean, and acquired a 1/70 from Asa, which together with his original 39/1960 made 95/1960, and this interest is now owned by R. M. Trimble. James M. Bean, after selling 1/70 to R. T. Bean, had remaining 11/1960, which he sold to R. M. Trimble. John F. Bean, the remaining "older" child, sold his 39/1960 to Asa.

The "younger" children were Asa, Charles, Felix, William and Grace, Nettie and Carrie having died, as heretofore mentioned.

Grace is blind and feeble-minded, and still retains her 330/1960.

William had 330/1960, but 315/1960 of this was sold under a judgment in favor of Farmers National Bank, and purchased by Felix.

Asa had 330/1960 and bought 39/1960 from John F., making a total of 369/1960, of which 315/1960 was sold under a judgment in favor of Meguiar Helm & Co., and I. B. Trimble is now the owner thereof. R. T. Bean got 28/1960 of Asa's, and the remaining 26/1960 was acquired by Lewis Apperson.

Charles had 330/1960 and Felix had the same, plus 315/1960, acquired by him from William, making his share 645/1960.

In 1891 an action was instituted against the widow, Ann E. Bean, wherein the 154/1960 acquired by her from Carrie, her daughter, was sold under execution, the period for redemption expiring on October 14, 1895. Lewis Apperson is now the owner of this interest.

On March 19, 1894, Ann E. Bean, widow of James Bean, together with Asa Bean, William Bean and Grace Bean, conveyed to the appellants, Felix and Charles Bean, two hundred and four acres of the four hundred and ten acres. It was recited in the deed that:

"Whereas, the late James Bean in his will provided and directed that the said Mrs. Ann E. Bean, his widow and executrix, should have the discretion and authority

to set apart and over unto any of his children, parties hereto, their respective proportionate parts of his said farm containing 410 acres, in Montgomery County, Kentucky, after they should become 21 years of age, if she should see proper to do so. Now, in consideration of the direction and request of the said will referred to, which is here made part of this deed, and on account of their proportion of the 410 acres of land, and as an advancement to them of their interest therein, the said parties of the first part have this day granted, etc.''

On the same day, March 19, 1894, Felix and Charles Bean conveyed the 204 acres to T. J. Bigstaff. This conveyance in a suit brought by said Bigstaff seeking a construction thereof was held to be a mortgage by the Montgomery Circuit Court, and the land mentioned therein was sold at decretal sale, Bigstaff becoming the purchaser.

In 1910 the widow, Ann E. Bean, died; and on January 4, 1911, this suit was instituted in the Montgomery Circuit Court by Charles Bean, Felix Bean, R. M. Trimble, I. B. Trimble and Lewis Apperson against T. J. Bigstaff, Grace Bean and William Bean for partition of the 410 acres.

By their petition appellant sought to have the chancellor disregard the deed executed to Charles and Felix Bean by their mother, sister and brother, and to adjudge that Bigstaff under the conveyance from Charles and Felix Bean and the commissioner's deed to him as purchaser at the decretal sale, took only such interest in the 204 acres as Charles and Felix Bean took under the will of their father, including the interest which descended to them on the death of their sisters; and it was further prayed that Charles and Felix Bean be adjudged the remaining interest in the estate to which they would have been entitled had no deed been made to them, to-wit: 375/1960 out of the remainder of the 410 acres, excluding the 975/1960 in the 204 acres which they conceded Bigstaff took by his deed.

On January 20, 1912, the circuit court entered a judgment dismissing the petition as to the plaintiffs, Charles and Felix Bean, and adjudging Bigstaff to be the owner of the 204 acres, and ordering a partition of the remainder of the farm among Apperson, I. B. Trimble, R. M. Trimble and Grace Bean according to their respective

undivided interests as herein indicated. From that judgment only Charles Bean and Felix Bean appeal.

1. Appellants' contention is that the deed executed to them by their mother, sister and brothers is void because (1) the execution of same was not authorized by the will of their father; and (2) because their sister, Grace, who joined in the execution of same was incompetent; and that, therefore, Bigstaff took only their share, or 975/1960 of the 204 acres by virtue of their conveyance to him and his purchase under the foreclosure proceedings. We do not think it necessary to pass upon either of these contentions. Appellants procured the execution of that deed, thus placing upon the will the construction which they are now seeking to avoid; they voluntarily entered into a partition of the tract of land mentioned in the will; accepted the deed containing the stipulation that the land conveyed to them was "their proportion of the 410 acres of land" and "an advancement to them of their interest therein;" took possession of the land so conveyed to them; sold or mortgaged it to appellee, Bigstaff, and for more than sixteen years they and the other parties to that division acquiesced in same; and by their acts appellants should be estopped from disturbing it so long after it was made. Smith v. Payne, 2 Bush, 583.

2. Appellants are also in the attitude of contending that the deed which they executed to Bigstaff (which was later declared to be a mortgage and the lien thereof enforced) did not in fact convey to Bigstaff what it purported to convey, i. e., the 204 acres; but that in fact it conveyed only their undivided interest in the 204 acres.

This contention they are likewise estopped from asserting. A mortgagor may not deny that his title to the premises is such as the mortgage asserts and purports to convey. 27 Cyc., 1154; Mitchell v. Kinnaird, 29 S. W., 309, 34 S. W., 226, 17 R., 1250; see also Cox v. Lackey, 3 Litt., 334; Central Coal Co. v. Walker, 73 S. W., 778, 24 R., 2191.

The judgment of the circuit court is affirmed.