## Rose et al. v. Ratliff's Administrator et al.

(Decided February 27, 1931.)

646

L. J. MAY for appellants.

J. E. SANDERS and J. E. CHILDERS for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

Alexander Ratliff died intestate in October, 1911. He left surviving him, as his only distributees and heirs at law, his widow, Ella Ratliff, and four infant children. Ella Ratliff afterwards remarried and died in 1926. On October 18, 1911, Marion Sanders, father-in-law of Alexander Ratliff, qualified as the administrator of his son-in-law's estate, and M. C. Justice, W. P. Childers, Andy Sanders, Stephen Osborn, and appellee J. E. Childers became sureties on his bond.

On May 24, 1928, the four children of Alexander Ratliff brought an action in the Pike circuit court against Marion Sanders, administrator of Alexander Ratliff, and the sureties on his bond to recover the sum of $1,200 which they alleged had come into his hands as administrator and for no part of which he had accounted. Sanders filed an answer in which he admitted that he received as administrator the sum of $1,000, the proceeds of a life insurance policy, payable to the estate of Alexander Ratliff, and he alleged that he had filed a settlement in the county court showing that he had paid to the plaintiffs the sum of $869.25, and that the plaintiffs had filed exceptions to the settlement and the cause was then pending in the county court of Pike county. J. E. Childers filed a separate answer in which he made substantially the same allegations. It does not appear that the

other sureties who were made defendants were ever before the court.

The averments of the answers were traversed by a reply and, the case having been transferred to the equity docket, the chancellor rendered a judgment in favor of the plaintiffs for the sum of $130.75, and they have appealed.

It is first insisted that appellants cannot maintain this action, but should have appealed to the circuit court from the action of the county court on the exceptions to the administrator's settlement. It was averred in the answer that a settlement had been filed in the county court to which the appellants had filed exceptions, but this averment was traversed and no proof was introduced tending to show that any exceptions had been filed. There was proof that Marion Sanders had attempted to settle in the county court as guardian, and he said that this was a mistake as he intended to settle his accounts as administrator. In any event, it does not appear that any exceptions were filed to whatever settlement was made, and that being true, the distributees could bring an equitable action to surcharge the settlement. Harper v. Lamb, 202 Ky. 771, 261 S. W. 280; Bell v. Henshaw, 91 Ky. 430, 115 S. W. 3, 12 Ky. Law Rep. 674.

It was also claimed that $750 of the money that came into the administrator's hands was exempt to Ella Ratliff, the widow of Alexander Ratliff, under section 1403, Kentucky Statutes, and that these appellants were not entitled to recover that amount. Section 1403 provides that personal property or money on hand or in bank to the amount of $750 shall be exempt from distribution and sale and shall be set apart by the appraisers of the estate of the intestate to his widow and infant children. This section in its present form was not in effect, however, in 1911 when Alexander Ratliff died. In its present form it was enacted in 1912, chapter 72, Acts of 1912. Prior to that time certain articles were exempt to the widow and infant children and, in some instances, if such articles were not on hand, money in lieu thereof was exempt to them. The evidence shows that Alexander Ratliff at the time of his death owned certain live stock, household and kitchen furniture, and other personal property which was retained by the widow.

The evidence as to the various items which the administrator claims he paid is wholly unsatisfactory. He filed with his deposition what purports to be a copy

of the settlement filed in the county court and which shows the disbursements claimed to have been made by him. The first two items are, "Expenses collecting insurance, $50.00; burial expenses and taxes paid, $61.38." His testimony relative to these items was as follows:

"Q. I notice in your report as guardian for these children which you filed, that you say or claim that you paid out $50.00 in collecting this insurance; who did you pay that to? A. I don't know whether there is any $50.00 on it or not.

"Q. Look at your first item and see. A. Part of that was for burial and $5.00 for doctor, for making out report and some other expenses.

"Q. I notice the next item says, 'burial expenses,' who did you pay that $50.00 to? A. It was paid out in small amounts.

"Q. How much did you pay the doctor? A. Five or ten dollars. Don't remember now.

"Q. Who else did you pay in collecting this insurance? A. Well expenses backwards and forwards to town; some to merchants for burial; it was small items.

"Q. Is the $5.00 the only item you remember of now? A. Yes, I just don't remember.

"Q. Burial and taxes, $61.00, who did you pay that to? A. To her for burial expenses.

"Q. How much were the taxes? A. Don't remember.

"Q. Can you give us any idea? A. No, I don't remember.

"Q. Mr. Ratliff just owned a small farm? A. Yes, sir.

"Q. Four or five dollars would have been about right for his taxes then? A. Yes.

"Q. Tell who else you paid any part of that sixty-one dollars you have charged 'burial and taxes?' A. To stores.

"Q. Whose store? A. Joe Ratliff's.

"Q. What did you buy? A. Clothing.

"Q. Can you tell any article you got there for burial expenses? A. No, I can't now.

The overwhelming weight of the evidence shows that the grave was dug and the casket made by neighbors without cost to the estate and that the clothes in which

Alexander Ratliff was buried were paid for out of money he had on hand when he died.

The burden of proving a claim created by an executor or administrator for expenses of administration rests upon him, and he must show that it was just, necessary, of the value charged, and has been paid. The testimony as to these items is too indefinite to authorize their allowance. Tolly v. Champion, 191 Ky. 114, 229 S. W. 90. The evidence offered by the administrator in support of the other items, which he claims were payments to appellants in money and merchandise, is just as indefinite and none of them should have been allowed.

Under section 2132 of the Kentucky Statutes, Ella Ratliff, the widow of Alexander Ratliff, was entitled to one-half of the funds in the administrator's hands. It appears that she left six children by her second marriage. The appellants, of course, are not entitled to recover what was due their mother. A judgment should have been entered in favor of appellants for the sum of $500 with interest from October 18, 1913, to be credited by $130.75 which the appellee Marion Sanders had paid into court and subject to the customary commission of an administrator. This is not to prejudice appellants' rights to assert claims for their respective shares of any sum that may be recovered by their mother's estate.

Wherefore the judgment is reversed, with directions to enter a judgment in conformity herewith.