# Preston et al. v. Second National Bank of Paintsville et al.

(Decided Oct. 6, 1933.)

C. F. SEE, Jr., and W. J. Ward for appellants.

FRED HOWES for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming in part and reversing in part.

Frank A. Brown died a resident of Johnson county, the owner of a square in the town of Paintsville, on which he resided. He left surviving him his widow,

Mary E. Brown, and five children, among whom was E. M. Brown. The widow, after her husband's death, on February 25, 1919, conveyed her dower interest in the land to E. M. Brown and W. W. Brown, the latter being also a son of Frank A. Brown. On June 1, 1920, E. M. Brown moved to the home place and afterwards lived there. On June 24, 1922, he was appointed administrator of the estate of his father, F. A. Brown. On February 16, 1925, he and his wife executed a mortgage to the Second National Bank of Paintsville on his one-fifth interest in the property to secure a note for $3,000, and on December 20, 1927, they executed a second mortgage on the same property to J. G. Wheatley to secure a debt of $3,000. But this mortgage was not recorded until October 4, 1928. In the meantime the bank had brought suit to foreclose its mortgage, and under the judgment of the court the bank bought the property at public sale and received a commissioner's deed for it on February 11, 1929. The bank also took out an execution which it levied on one-half the dower which the widow had conveyed to E. M. Brown. This was sold by the sheriff and bought by the bank at the sale, and on March 20, 1930, the sheriff's deed was made to the bank therefor. On March 19,1930, the bank filed its petition against the other four children of Frank Brown and their heirs, alleging the above facts, and that by reason thereof it was the owner of an undivided one-fifth of the property, also one-half of the widow's dower, and praying a sale of the property and a division of the proceeds. In this action, on June 16, 1930, E. M. Brown filed his petition, alleging that he was appointed the administrator of Frank A. Brown on June 24, 1922; that he inherited one-fifth of the tract of land; and that the estate was indebted to him in the sum of $4,012.78, as shown by a settlement made by him with the Johnson county court June 12, 1930. He prayed judgment that his debt against the estate, as shown by his settlement, be paid to him out of the proceeds of the sale of the property, and he made his petition a cross-petition against the other four children and their heirs. On November 26, 1930, by agreement of parties, a judgment was entered adjudging that the bank and other four children each owned one-fifth of the property, and that the bank also owned one-half of the dower interest of the widow, Mary E. Brown, and the son W. W. Brown the other one-half of the dower; a sale of the

property was ordered; an undivided one-fifth of the price plus an amount equivalent to an undivided one-half interest in the dower of Mary Brown to be paid to the plaintiff, after deducting its pro rata share of the cost of the sale and the remainder of the purchase money to be retained by the master commissioner, pending settlement of the issues created by the intervening petition of E. M. Brown. The land was sold under this agreed judgment. The bank bought the property for $8,000, and executed bond to the commissioner. The sale was reported to the court and duly confirmed on January 17, 1931, and a deed was then made to the bank. In that order the value of the widow's dower was fixed at 14.22 per cent., and it was adjudged that the bank might deduct the amount due it and should pay the balance due, $5,594.40, to the master commissioner, who should hold same subject to the further order of the court. After this, E. M. Brown having died, his administratrix filed her petition and the cross-action was revived in her name. On February 8, 1932, J. G. Wheatley filed his petition in the action alleging that on February 17, 1930, E. M. Brown, by writing, had sold and transferred to him all his interest, title, or claim of any nature whatsoever in and to the estate of his father, F. A. Brown, including any claim or amount due him, and all interest he may have in said F. A. Brown's estate. He prayed judgment that the amount ($4,012.78) found due E. M. Brown as administrator from the estate be adjudged to him.

The issues were made up, and on final hearing the circuit court purged the county court's settlement by allowing additional charges of $1,648.73, and leaving a net balance of $2,364.05, due E. M. Brown as administrator. It was adjudged that Wheatley had a prior lien upon this sum, and it was ordered to be paid to him by the master commissioner out of the fund in his hands, and he was ordered to distribute the remainder of the funds in his hands, after paying the cost, to the other four children. From this judgment they appeal.

No judgment was rendered against the bank. It retained all the money adjudged to it in the agreed judgment, and the whole loss of the money adjudged to Wheatley fell upon the other four children. The final judgment was entered on July 8, 1932. The other four children, or their heirs, are the appellants. The bank

and J. B. Wheatley are the appellees. No appeal has been taken from the judgment for the sale of the property entered on November 26, 1930.

1. It is insisted for appellant that the administrator should have made a settlement in the circuit court. But the only action in the circuit court was that brought by the bank to sell the property. E. M. Brown was not made a defendant to that action, and it did not concern in any way a settlement of his accounts as administrator. The county court therefore had jurisdiction to make the settlement.

2. It is insisted that dower had not been assigned to Mary Brown and that her deed conveying to E. M. Brown one-half of her dower was void. But E. M. Brown was one of the heirs. He owned one-fifth of the estate, and the rule as to such a conveyance by the widow to an heir is thus stated in 19 C. J. p. 536:

"The widow may before assignment release her right of dower to the heir at law or person holding the legal title to the land under the husband, or to the one in possession or in privity with the estate from which it accrued."

See, also, Burk v. Moore, 209 Ky. 24, 272 S. W. 38.

E. M. Brown moved in upon the property and held it. He had a right to buy the outstanding title of the widow.

3. It is insisted that E. M. Brown, because he was in possession of the property, should have paid the taxes and repairs. But he was charged in the settlement with the fair rental value of the property, and the amount charged to him therefor was shown by several witnesses to be reasonable and there was no conflicting testimony. He was not liable for more.

4. It is insisted that the burden of proof was improperly placed on appellants when they attacked the county court settlement made by E. M. Brown. But the statute makes the settlement prima facie evidence. Kentucky Statutes, sec. 1067. The burden therefore was properly placed on appellants.

5. Wheatley was not improperly allowed to file his petition. The petition of E. M. Brown had been filed, and after Brown's death the administratrix had filed her petition and the claim had been revived in her

name. Wheatley merely succeeded Brown under the assignment and had such rights as Brown had.

6. As Wheatley merely bought E. M. Brown's rights, he stands in his shoes. If E. M. Brown had continued to own the property and had also continued the owner of the claim against the estate, very clearly he would have been required to contribute one-fifth of the claim against the estate and could only have recovered against the other four children the remaining four-fifths. The land was sold under the first mortgage executed to the bank and did not bring the amount of the debt. Wheatley therefore lost all rights which he had by reason of the mortgage executed to him by E. M. Brown in 1927. His whole claim rests upon the assignment made to him by E. M. Brown on February 7, 1930, but by this assignment he acquired no greater rights than his assignor had. He simply succeeded to the rights of E. M. Brown, and as E. M. Brown could not enforce aginst the other four heirs his claim for more than four-fifths of the amount, Wheatley standing in his shoes has no greater rights. It follows that the court should have entered judgment in favor of Wheatley for only four-fifths of his claim, and not the full amount.

7. By the agreed judgment in the action, rendered on November 26, 1930, from which no appeal has ever been taken, it was adjudged that the bank should have one-fifth of the net price plus the amount of one-half the dower, and this judgment was carried into effect by the final order entered on January 17, 1931. These final orders are conclusive upon the parties and cannot be complained of on this appeal. Besides the bank was not made a defendant to the cross-petition and no judgment was .prayed in the lower court against it. The pleading was simply a cross-petition against the other four heirs. The bank was not called upon to answer it and properly filed no answer to it. In addition to this, E. M. Brown, by the mortgage which he executed to the bank, conveyed the property .to the bank with general warranty. By his warranty he was estopped to set up againt the bank any claim he had against his father's estate as a lien upon the land so conveyed, or a claim against it. The bank as a purchaser at the sale under the mortgage had all the rights that the mortgage conferred on it, and E. M. Brown was estopped to set up

against it any claim he had against the land he so conveyed with general warranty. Wheatley, who afterwards bought from E. M. Brown his claim against the estate, has no better rights than his assignor had at the time of the assignment. Bean et al. v. Bigstaff, 163 Ky. 1, 173 S. W. 147; Chiles v. Corn, 3 A. K. Marsh. 230; Porter v. Breckenridge, Hardin, 23.

While the appeal was pending in this court on Wheatley's motion, he was granted a cross-appeal. A cross-appeal is only allowable in behalf of the appellee against the appellants and not against a coappellee. See cases cited in note 5 to section 755, Carroll's Civil Code of Practice. There is nothing in the record entitling Wheatley to any relief against the appellants. In fact, in the brief filed no such right is asserted.

On the cross-appeal the judgment is affirmed. On the appeal, the judgment as to the Second National Bank of Paintsville is affirmed, and as to J. G. Wheatley the judgment is reversed and the cause remanded for a judgment as above indicated.