Ann Leonard Barton HILL et al., Appellants,

v.

Sallie H. ROBERTS, etc., et al., Appellees.

Court of Appeals of Kentucky.

March 21, 1958.

P. H. Vincent, Ashland, for appellants.

Dysard, Dysard & Johnson, A. W. Mann, Ashland, for appellees.

Blakely, Moore & Blakely, Covington, for appellants.

E. H. Walton, Covington, for appellees.

CLAY, Commissioner.

This is an appeal from a judgment confirming an order of the Kenton County

Court accepting the final settlement of an estate by appellee as executor and trustee. Both general and specific exceptions were filed attacking this settlement.

In December 1946 Elizabeth Dawkins died, leaving a will in which she bequeathed the residue of her property in trust for life to one John Scobie, a mental incompetent. The remainder was bequeathed to appellants. Appellee was nominated executor and trustee.

Appellee qualified as executor and administered the estate for approximately 9 years, until Scobie's death April 6, 1955. (He was in her custody approximately six and one-half years.) She never qualified as trustee. During that entire period she made no accounting of any kind. In June 1955 appellants moved to require her to render a final accounting. Instead of doing so, appellee objected to the motion. Six months later, on December 2, 1955, she appeared in the county court and obtained two orders. One allowed her $50 a week for the care of John Scobie. The other allowed her an additional $2,700 for such services and allowed her attorney $2,700. (She had already paid herself and her attorney this money, and these late orders simply confirmed expenditures long since made.)

On the same day, December 2, appellee filed what purports to be a final settlement, listing receipts and disbursements. With this she filed cancelled checks evidencing each listed expenditure. They are all signed by appellee as executor. Some of them show what the payments were for. A great many do not. It is not shown whether these disbursements were made in administering the estate or in carrying out the trust. Later on appellee filed an affidavit in which she stated all the expenditures (with six exceptions) were for the benefit of John Scobie.

The settlement shows that out of a personal estate of about $54,000 appellee had expended approximately $50,000. Apparently the county court took the view that appellee had rendered very substantial services in caring for Scobie (which she had), and approved the final settlement on equitable grounds. It is apparent the county judge and the circuit court decided the burden of disproving the correctness of the accounting was on appellants, and their failure to introduce evidence required approval of the settlement. The shoe is on the other foot.

KRS 25.175 requires every fiduciary to account one year after appointment, and a trustee under a continuing trust to report biennially thereafter. These accounts must include itemized statements supported by vouchers. The burden of proving claims created by the fiduciary is upon the fiduciary. Rose v. Ratliff's Administratrix, 237 Ky. 645, 36 S.W.2d 43.

KRS 25.180 provides:

"No credit shall be allowed a fiduciary for disbursements, fees or services without legal evidence to justify it."

The only proof appellee offers in support of her expenditures consists of cancelled checks and her affidavit to the effect that all expenditures were proper. We do not think such an affidavit constitutes legal evidence of the propriety of any particular payment. The checks do constitute legal evidence of the amounts paid, but on their face many of them fail to show what the payment was for, and even if they show the nature of the claim paid, they do not constitute proof that appellee was authorized to create the claim in her fiduciary capacity.

KRS 25.175 requires "vouchers" to be filed in support of disbursements. It was said in Robertsons' Guardian v. Fidelity & Casualty Co. of New York, 227 Ky. 114, 12 S.W.2d 298, 300:

"A voucher means, when used in connection with the disbursement of money, a written or printed instrument, in the nature of a bill of particulars, account, receipt, or acquittance, that

shows on its face the fact, authority and purpose of the disbursement."

It is pointed out in this opinion that a cancelled check may be a sufficient voucher if it shows on its face that the expenditure was one which the fiduciary was entitled to make. The cancelled checks appellee has filed do not fulfill this requirement. As before noted, many of them failed to show what the disbursement was for, and those that show the nature of the claim paid do not on their face appear to be authorized. As a matter of fact, several appear to be unauthorized payments.

 The fact is appellee has not filed a proper final settlement. Since it was questioned, the burden was upon her to establish the correctness of every disbursement. Her accounts as executrix and as trustee should have been separately itemized. Had she complied with the law, she would not now be faced with her present difficulty.

Appellants contend that because appellee failed to file periodic settlements, she should be charged with a penalty of $10 for each day under KRS 395.990. This penalty, however, is conditioned upon a notice being given as required by KRS 395.255, and such notice was not given. Appellants also contend that we should direct a judgment against appellee for all of the assets of the estate because of her failure to properly account. We do not think the circumstances would justify such a judgment at this time because it is clear from the record that appellee has expended substantial sums while acting in her fiduciary capacities.

The only feasible method of settling this controversy is to permit appellee to file a new final settlement with detailed itemization and classification of every expenditure for which she claims credit. The orders of the Kenton County Court of December 2, 1955, making allowances to her and her attorney, must be set aside. Proper allowances with respect to such services may be made upon application and hearing, of which appellants are given notice. We may note in passing that appellee had no authority to contract with herself for the payment for her services. We may also note that the affidavits of the doctors filed in this record relate to the value of services of a "trained person", and appellee has not shown herself to be within this classification. In allowing attorney fees, consideration may be given to the fact that this estate has not been handled in the best legal manner.

Upon appropriate application the cancelled checks and other original exhibits in this record will be returned to the proper court. The costs of the proceedings in the circuit court and in this court shall not be charged to the estate.

The judgment is reversed with directions to set aside the orders of the Kenton County Court making allowances and confirming appellee's settlement, and for further proceedings consistent with this opinion.