**Myrtle COMBS, Administratrix of Estate of Carmon Combs, Appellant,**

**v.**

**J. M. COMBS et al., Appellees.**

Court of Appeals of Kentucky.

June 19, 1964.

Harry M. Caudill, Whitesburg, Cordell H. Martin, Hindman, for appellant.

Clark Pratt, Hindman, for appellees.

PALMORE, Judge.

This is an appeal from a judgment of the Knott Circuit Court disallowing items claimed by an administratrix as proper credits in the settlement of her fiduciary account.

Following the death of Carmon Combs from injuries received in a truck accident his widow, the appellant, qualified as administratrix of his estate. In her individual and fiduciary capacities she employed counsel on a contingent fee basis to file a workmen's compensation claim against her decedent husband's employer and a wrongful death claim against the owner of the other vehicle involved in the fatal accident. A joint settlement was reached in which the compensation carrier paid Mrs. Combs $20,000 and was reimbursed to the extent of $7,430.71 [1] by the insurer of the defendant in the tort action. The latter amount, of course, represented the portion of the settlement payable to the estate. The balance of the $20,000 belonged to the widow in her own right as the decedent's only surviving dependent.

In due course Mrs. Combs tendered her settlement as administratrix in the Knott County Court. The $7,430.71 received in settlement of the tort claim was included among the assets reported, which totalled $12,705.71. The portion of the $20,000 payment representing the compensation claim was not reported. The total liabilities of the estate were listed at $16,219.84, exceeding the assets by $3,514.13. Among the liabilities reported was a $6,666 item for attorney fees and three items totalling $5,723.30 for loans made by Mrs. Combs to her husband during his lifetime.

The decedent's father and mother, his only legal distributees other than the widow, filed exceptions to the settlement on the grounds that the full $20,000 paid by the insurance companies should have been reported and that the claims for money loaned the decedent by his wife had not been proved and should not be allowed.[2] A hearing was held at which Mrs. Combs, over objection, was permitted to prove the loan claims by her own testimony concerning transactions with the decedent. As a part of her testimony she filed numerous invoices, cancelled checks, bank books and statements, and other memoranda. Her settlement was approved and confirmed, whereupon the father and mother appealed to the Knott Circuit Court in conformity with KRS 23.030(1) and CR 72.01.

In the circuit court proceeding it was agreed that the record of testimony in the county court be treated as evidence for the administratrix, subject to competency, relevancy and materiality. On the basis of this evidence, supplemented by further

---

1. There is a discrepancy between Mrs. Combs' testimony and her brief with respect to this figure, but the amount of difference is insignificant.

2. Other exceptions were stated but are not now relevant.

depositions, the circuit court disallowed the loan claims, reduced the allowable charge for attorney fees to $2,222, and made certain other minor adjustments, the net result of which was to arrive at a figure of $6,727 for distribution, half to the widow and half to decedent's parents. This is the judgment from which the administratrix now appeals.

■ "No credit shall be allowed a fiduciary for disbursements, fees or services without legal evidence to justify it." KRS 25.180. "When a credit is claimed by a personal representative and its validity is disputed, the law casts on him the burden of supporting it; and in order to sustain such credit he must prove not only the payment, but also the existence, correctness, and validity of the demand." 34 C.J.S. Executors and Administrators § 895, p. 1089. See also Skinner v. Morrow, Ky., 318 S.W.2d 419, 423 (1958), and Hill v. Roberts, Ky., 311 S.W.2d 569 (1958).

■ KRS 25.070 and CR 72.03 provide that appeals to the circuit court "shall be tried anew, as if no judgment had been rendered." That being so, the burden of proof in this case was the same in the circuit court as it had been in the county court proceeding. Though KRS 25.200 specifies that settlements "made and recorded shall be prima facie evidence between the parties interested," a settlement is not final and has not been "made" if a timely appeal from the order of confirmation is pending. Preston v. Second Nat'l Bank of Paintsville, 250 Ky. 673, 63 S.W.2d 774 (1933), in which it was held that the statute places the burden on the one who attacks a settlement, was a case in which a county court settlement was attacked in an independent proceeding in circuit court. It did not involve a direct attack on the settlement by way of appeal.

■ The circuit court correctly held that KRS 421.210(2) [3] was a bar to the testimony of Mrs. Combs concerning transactions with her deceased husband. The contention that counsel for appellees brought her testimony within exception (c) [4] of the statute by attempting to rebut it with testimony of the appellee J. M. Combs, after failing in his attempts to have it excluded by timely objection, is untenable. As its terminology clearly indicates, the exception applies only *after* the other interested person has testified.

■ Likewise untenable is the argument that by cross-examining Mrs. Combs with respect to the objectionable testimony appellees waived their objection to it. Their objection having been overruled, they had no alternative. Sturgell v. Taylor, Ky., 295 S.W.2d 800 (1956), in which the defendants, in cross-examining, elicited evidence they had succeeded in excluding when the adverse party had attempted to introduce it on direct examination, is not applicable.

■■ The documentary exhibits introduced by Mrs. Combs, particularly checks on her personal bank account made payable to the decedent for such items as "payments on truck," do constitute evidence that she paid money to and for him. But without her proscribed explanatory testimony there is nothing to prove a promise to reimburse her. Payments made to or for one's spouse do not imply a promise to repay. Bailey's Adm'r v. Hampton Grocery Co., 189 Ky. 261, 224 S.W. 1067, 1072–1073 (1920).

It is our conclusion that disallowance of the loan claims was proper.

■ The $6,666 item for attorney fees was paid pursuant to a contingent fee contract made by Mrs. Combs in connection with the claims that eventuated in the $20,000 settlement. Unquestionably, so much of the settlement as represented her compensation claim was hers alone, and was not an

---

3. Old Code 606–2.

4. Which permits such testimony if someone else interested in the estate "shall have testified against such person, with reference thereto."

asset of the estate. By the same token, to the extent the fee was payable on that portion of the settlement it should have been borne by Mrs. Combs personally, and not charged to the estate. But here the controversy has a peculiar twist. Never once did the appellees take exception to the allowance or amount of the fee. On the contrary, their position appears to have been that since the fee was charged to the estate the $20,000 should be treated as an asset of the estate. One wrong, however, does not justify another

We agree with the contention of the administratrix that the fee was never placed in issue, either directly or indirectly, by the exceptions and amended exceptions asserted in the county and circuit courts. Nor was the case tried in such a manner that it could be found, under CR 15.02, that the issue was nevertheless raised by express or implied consent. Hence there was no basis for a judgment in that respect.

The cause is affirmed in part and reversed in part with directions that a judgment be entered in conformity with this opinion.